E-FILED on    7/9/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR GARCIA-GARCIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ALBERTO GONZALES, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, MICHAEL CHERTOFF, UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT,<br><br>　　　　　Defendants. | No. C-07-01275 RMW<br><br><br>ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION FOR HABEAS CORPUS |

　　　　On March 5, 2007, petitioner Victor Garcia-Garcia, currently in custody in Santa Rosa, California and awaiting removal to Mexico, filed a petition for writ of habeas corpus and request for stay of removal.  At the same time, he moved for a temporary restraining order to prevent the reinstatement of an order of removal issued in October 2000.  The 2000 removal order issued because the immigration judge sustained a charge that petitioner was an alien removable for having been convicted of an aggravated felony under INA section 101(a)(43)(F).  The aggravated felony was a felony DUI conviction.

　　　　Petitioner was removed to Mexico pursuant to the 2000 removal order.  When he returned to the United States, he was arrested for violating his probation.  On January 30, 2007, petitioner filed a

ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION FOR HABEAS CORPUS—No. C-07-01275 RMW
MAG/LJP

motion to reopen and reconsider the immigration judge's determination with the Immigration Court in light of *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which states that DUI convictions under statutes that do not require a *mens rea* component or require only a showing of negligence in the operation of a vehicle cannot be aggravated felonies under INA section 101(a)(43)(F). Accordingly, petitioner contends that the removal order entered against him is invalid. On March 15, 2007, the immigration judge denied petitioner's motions to open and reconsider as untimely. INS issued a Notice of Intent/Decision to Reinstate Prior Order on May 21, 2007.

Petitioner believes that the order of removal will be reinstated against him and that he will be removed to Mexico before his challenge to the 2000 removal order is completed. He contends that this court has jurisdiction because his detention is unlawful based upon the assertion that the removal order was improperly entered against him. He also contends that he has no other relief available to him because "[r]einstatement of a prior removal order – regardless of the process afforded in the underlying order – does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies." *Morales-Izquierdo v. Gonzales*, 477 F.3d 691, 704, 2007 WL 329132, *8 (9th Cir. 2007).

While the court sympathizes with petitioner's plight, it lacks jurisdiction to address the petitioner's challenge to the removal order. On May 11, 2005, Congress enacted the REAL ID Act of 2005, which expanded the jurisdiction of the circuit courts over final orders of removal. The Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a)). To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction from the district courts, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal. *Id.* (citing § 106(a)(1)(B) (amending 8 U.S.C. § 1252)). The REAL ID Act's jurisdiction-stripping provision "does not apply to federal habeas corpus petitions that do not involve final orders of removal." *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). "Therefore, in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal . . . pursuant to 28 U.S.C. § 2241." *Id.* at 1076. However, because petitioner's

1  contention that his detention is unlawful is solely on the basis that his order of removal is invalid,
2  this court does not have jurisdiction. *See, e.g.*, *Barragan-Campos v. Chertoff*, 2007 WL 108341 at *
3  2 (N.D. Cal. 2007) (finding the court did not have jurisdiction over petitioner's challenge to
4  reinstatement of deportation order); *Iasu v. Chertoff*, 426 F. Supp. 2d 1124, 1126-27 (S.D. Cal.
5  2006) (dismissing petition that challenged the merits of the underlying removal order rather than the
6  detention itself).

**ORDER**

For the foregoing reasons, the court denies petitioner's motion for a temporary restraining order and dismisses petitioner's habeas petition for lack of jurisdiction.

DATED:      7/9/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Lamar Peckham               crimigration@aol.com

**Counsel for Defendants:**

Edward A. Olsen             edward.olsen@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/9/07                              /s/ MAG
                                               **Chambers of Judge Whyte**